IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY SINGLETON,
No. 94408-024,

        Petitioner,

        vs.                                   Case No. 14-cv-01430-DRH

JEFFREY S. WALTON,

        Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Anthony Singleton is currently incarcerated in the United States Penitentiary at Marion, Illinois. He is housed in the Communications Management Unit ("CMU"). On December 31, 2014, he filed the subject petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The petition (Doc. 1) generally challenges the creation of the CMU, his placement in the CMU (which is substantially populated with "terrorists") and the systematic screening of his communications, among other things. More specifically, petitioner claims that prison officials committed a federal crime by intercepting communications from him that relate to a "Closing Agreement" with the Department of the Treasury regarding his federal tax obligation (apparently under the name Anthony Singleton Hall). Petitioner contends that respondent Warden Walton has violated numerous IRS laws (26 U.S.C. §§ 6103 (*in re* confidentiality of returns), 6311 (*in re* payment of a tax lien by commercially

acceptable means), 7213 (*in re* unauthorized disclosure of return information), and 7213A (*in re* unauthorized inspection). He now seeks an order enjoining this allegedly criminal conduct, directing the return of certain documents to him, and transferring him out of the CMU (*see* Doc. 1, p. 7).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Motion to Amend

By motion filed January 9, 2015, petitioner seeks leave to amend the petition by interlineation to add "section # 29b, CONCLUSION, page 5b" (Doc. 5, p. 2). The proposed addition is pertinent to whether the petition has any merit under Section 2241, or whether it raises arguments that fall within the ambit of a civil rights action.

The new material contains an assertion that petitioner's projected release date is being altered because he cannot discharge an IRS tax lien under 26 U.S.C. § 6325—pursuant to 28 U.S.C. § 3206. Respondent Warden Walton and CMU officials perceive that petitioner's dealings with the Treasury Department and IRS

have been criminal, although petitioner is not attacking any disciplinary convictions. He further contends this issue cannot be addressed in a civil rights action.

Amendment by interlineation is not permitted. *See* Local Rule 15.1; FED.R.CIV.P. 15. Nevertheless, the Court will **GRANT** the motion (Doc. 5) and consider the additional section (Doc. 5, p. 2), so as to provide a thorough analysis of the petition.

## Criminal History

The petition is more easily understood knowing a bit about petitioner's underlying criminal history.

On May 4, 2004, petitioner Anthony Singleton (a.k.a. Anthony Singleton Hall and/or Anthony Singleton-El), who has self-identified as a "sovereign citizen," was convicted by a jury in the Northern District of Illinois of theft of mail and possession of a mail access device. *United States v. Singleton*, Case No. 03-cr-175 (N.D. Ill.). In 2005 he was sentenced to 115 months imprisonment, to be followed by three years of supervised release, and he was ordered to pay restitution (Doc. 99 in the criminal case).

On November 7, 2011, after Singleton was released from prison, the government moved to revoke petitioner's supervised release (Docs. 145, 146 in the criminal case). When this motion came for hearing on January 4, 2012, petitioner failed to appear, and a bench warrant was issued for his arrest (Doc. 145 in the criminal case). The revocation motion was not addressed until July

2013 because petitioner had been arrested on December 30, 2011, in New York on a charge of grand larceny and possession of a forged Treasury check in the amount of $256,000.00 (*see* Doc. 158 in the criminal case). He was sentenced to time served (approximately 15 months).

On July 18, 2013, back in the Northern District of Illinois, petitioner was found to have violated the terms of his supervised release, and was sentenced to 36 months in prison (Doc. 172 in criminal case). As a result, petitioner is currently housed in the CMU at USP–Marion.

Petitioner Singleton is no stranger to this Court. Two other petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 were recently dismissed. *See Singleton v. Walton*, Case No. 14-cv-288-DRH-CJP (S.D. Ill. 2014); *Singleton v. Walton*, Case No. 14-cv-1038-DRH (S.D. Ill. 2014). The issues presented are not relevant to the subject petition.

## Discussion

The petition now before the Court was filed pursuant to Section 2241. A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a petitioner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Although filed as a Section 2241 habeas petition, it is more akin to a civil rights action, regardless of the added assertion that interference with

petitioner's dealings with the Treasury Department have caused his release date to be extended.[1]

The addition of the "conclusion" and assertion that the alleged interference has extended his release date (Doc. 5, p. 2) is unavailing. Despite that assertion, the remedies sought do not include any shortening of petitioner's sentence, or voiding any disciplinary action that may have been taken as a result of petitioner's dealings with the Treasury Department and IRS. Rather, Singleton seeks release from the CMU, the criminal prosecution of respondent and other responsible prison officials (for violating the aforementioned IRS statutes), the return of his documentation and a "cease and desist order" (*see* Doc. 1, p. 7). *See Glaus v. Anderson*, 408 F.3d 382, 387-88 (7th Cir. 2005) (utilizing a remedies-based analysis to determine if habeas or a civil rights action is the proper vehicle for a claim). A habeas corpus petition is the proper vehicle for presenting a claim "if but only if the prisoner is seeking to 'get out' of custody in a meaningful sense." *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir.1999).

The thrust of Singleton's petition is that USP–Marion officials, acting in conspiracy, effectively prevented him from meeting his federal tax obligation when they intercepted his communications with the United States Department of

---

[1] Petitioner may have utilized Section 2241 because it appears he has accumulated three strikes for purpose of 28 U.S.C. § 1915(g), which would limit his ability to file his claims as a civil rights action by requiring that he pay a $400 filing fee up front. *See Singleton v. United States*, Case No. 11-cv-442 (N.D.Ill. 2011) (presenting a similar claim regarding the Treasury Department Closing Agreement); *Singleton-El v. Carroll*, Case No. 04-cv-291 (N.D. Ill. 2004) (civil rights claims in re the search and seizure tied to his underlying criminal conviction); *Singleton-El v. Coar*, Case No. 04-cv-1548 (N.D. Ill. 2004) (a jurisdictional challenge to his criminal indictment and prosecution).

Treasury, Secretary of Treasury, and Internal Revenue Service (*see* Doc. 1, pp. 3-5). These communications include purportedly confidential correspondence, a Treasury payment voucher and tax return information. Petitioner maintains that this conduct amounts to mail theft, in violation of federal law. He blames Warden Walton for refusing to report this criminal conduct and for participating in the mail interception scheme. Petitioner further characterizes these acts as "psychological torture" and "cruel and unusual punishment" in violation of the Eighth Amendment, and a denial of his Fourteenth Amendment right to equal protection (*see* Doc. 1, p. 6). The remedy for those constitutional violations is not release from prison or the alteration of one's sentence. *See, e.g. Glaus*, 408 F.3d at 387 (release is not a remedy for an Eighth Amendment violation).

This Court is obligated to independently evaluate the substance of petitioner's claims to determine if the correct statute—in this case 28 U.S.C. § 2241—is being invoked. *See Godoski v. United States,* 304 F.3d 761, 763 (7th Cir. 2002) (a court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his

remedy is under civil rights law." *Id.*; *see also Pischke,* 178 F.3d at 500. Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn v. Conley,* 309 F.3d 1002, 1008 (7th Cir. 2002); *DeWalt v. Carter,* 224 F.3d 607, 617 (7th Cir. 2000); *Graham,* 922 F.2d at 381; *Pischke,* 178 F.3d at 499.

Petitioner Singleton brings this action under the umbrella of habeas corpus law, 28 U.S.C. § 2241. However, what he actually seeks is a different program, location, or environment (and criminal prosecution, which will be discussed below). Singleton wishes to be transferred out of USP–Marion's CMU, where his communications will not be monitored as strictly. His claims are, at their core, challenges to the conditions of his confinement. Even if petitioner were relieved of the more onerous conditions of life in the CMU, it would not shorten his prison term by a single day. Nor does such a change effect a quantum change in his custody. Petitioner will remain a federal inmate at USP–Marion (or whatever facility he may be transferred to next) until his prison term is served. General population at Marion may be "nicer" than CMU, but USP–Marion is still a prison with cells, bars, and significant restraints on inmates. Similarly, whether any prison officials acted in a criminal manner will have no impact upon Singleton's sentence. As such, the instant petition challenges the conditions of petitioner's confinement, but a petition for writ of habeas corpus pursuant to Section 2241 is not the proper vehicle for attacking conditions of confinement.

Singleton's claims are more akin to those raised by a federal prisoner in a civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). While courts have, in the past, construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham,* 922 F.2d at 381–82 (collecting cases), the Seventh Circuit has made it clear that district courts should not resort to this practice. *Bunn,* 309 F.3d at 1007; *Moore v. Pemberton,* 110 F.3d 22, 24 (7th Cir. 1997). This is particularly true where conversion of the case may lead to unfavorable consequences under the Prison Litigation Reform Act. *See generally Bunn,* 309 F.3d at 1004–07. These consequences include possible exhaustion defenses, whether Singleton has named the correct defendants, and whether he is able to pay the $400 filing fee for the action, as opposed to the $5 fee for a petition for writ of habeas corpus. For these reasons, the Court will not re-characterize the instant habeas petition as a complaint brought pursuant to *Bivens,* and it offers no opinion regarding the merits of Singleton's *Bivens* claims.

Insofar as Singleton asserts that prison officials have violated criminal law, any prosecution for such behavior is the prerogative of the United States Attorney, not the Court. Moreover, the remedy for respondent and other prison officials violating all of the IRS statutes cited by petitioner is not petitioner's release from prison or the shortening of his sentence—it would be the punishment of respondent and the other prison officials involved.

**IT IS HEREBY ORDERED** that, petitioner's motion to amend (Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, the petition for writ of habeas corpus (Doc. 1) is **DISMISSED** on the merits, although without prejudice relative to any civil rights action petitioner may elect to file. Judgment shall enter accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED.R.APP.P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

Lastly, insofar as this marks petitioner Singleton's third Section 2241 petition and he may have misperceived that Section 2241 provides an avenue

around his apparent three strikes problem, he is **ADVISED** that under *Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997), and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995), courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bans. In *Alexander,* the Court warned that if the petitioner filed any further frivolous habeas petitions he would be fined $500; the fine would have to be paid before any other civil litigation be allowed to be filed, and any habeas action would be summarily dismissed thirty days after filing unless otherwise ordered by the Court. Singleton should keep *Alexander* and *Mack* in mind before filing any additional habeas actions.

**IT IS SO ORDERED.**

**Signed this 22nd day of January, 2015.**

Digitally signed by David R. Herndon
Date: 2015.01.22 15:08:53 -06'00'

**United States District Judge**