IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY SINGLETON,<br>No. 94408-024,<br><br>        Petitioner,<br><br>vs.<br><br>JEFFREY S. WALTON,<br><br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)  Case No. 14-cv-01430-NJR<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Petitioner Anthony Singleton is currently incarcerated in the United States Penitentiary at Marion, Illinois. He is housed in the Communications Management Unit ("CMU"). On December 31, 2014, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The petition was dismissed without prejudice (Doc. 8).[1] Judgment was entered accordingly (Doc. 9), and Singleton's motion for reconsideration was denied (Docs. 11, 19). The Court is presently considering sanctioning Singleton for his persistent filing of frivolous, harassing, and even threatening pleadings.

### Procedural History

In the present action, Petitioner Singleton challenged the creation of the CMU, his placement in the CMU (which is substantially populated with "terrorists"), and the systematic screening of his communications, among other things. He claimed that prison officials committed a federal crime by intercepting communications from him that relate to a "Closing Agreement" with the Department of the Treasury regarding his federal tax obligation. Singleton sought an order enjoining this allegedly criminal conduct, directing the return of certain documents to him, and transferring him out of the

---

[1] United States District Judge David R. Herndon issued the order dismissing the petition. He subsequently recused himself from this case, and it was reassigned to the undersigned district judge (Doc. 18).

CMU (*see* Doc. 1, p. 7). As already noted, the petition was dismissed—on the merits and without prejudice to any civil rights action (Doc. 8).

The petition and why sanctions are being contemplated is best understood in context. Anthony Singleton (a.k.a. Anthony Singleton Hall and/or Anthony Singleton-El) is no stranger to this Court. He identifies himself as a "sovereign citizen." He was convicted in 2004 of theft of mail and possession of a mail access device. *United States v. Singleton*, Case No. 03-cr-175 (N.D. Ill.). Upon his release from prison, he was convicted in New York of grand larceny and possession of a forged Treasury check in the amount of $256,000.00 (a 15-month state sentence was imposed), which in turn earned him an additional 36 months back in federal prison for violating the terms of his supervised release.

While in prison, Singleton has accumulated three strikes for purpose of 28 U.S.C. § 1915(g), which limits his ability to file civil rights cases because he must now pay the $400 filing fee up front. *See Singleton v. United States*, Case No. 11-cv-442 (N.D. Ill. 2011) (regarding a Treasury Department Closing Agreement); *Singleton-El v. Carroll*, Case No. 04-cv-291 (N.D. Ill. 2004) (civil rights claims *in re* the search and seizure tied to his underlying criminal conviction); *Singleton-El v. Coar*, Case No. 04-cv-1548 (N.D. Ill. 2004) (a jurisdictional challenge to his criminal indictment and prosecution).

Initially, Singleton legitimately pursued habeas corpus relief (*see Singleton v. Walton*, Case No. 14-cv-288-DRH-CJP (S.D. Ill. 2014); *Singleton v. Walton*, Case No. 14-cv-1038-DRH (S.D. Ill. 2014). After the dismissal of his two petitions, however, Singleton warned District Judge David R. Herndon to "proceed with caution" when deciding his motion for reconsideration, and to "think again." Singleton even characterized the dismissal of the second petition as itself a criminal act.

The present Section 2241 petition is clearly premised upon the same notions that were previously found to be frivolous in Singleton's civil rights cases. In true sovereign citizen form, he filed a "Notice of Acceptance of Official's Oath of Office," stating that Judge Herndon was a

"guarantor" obligated to pay him damages if the petition was not successful (Doc. 6). In the order dismissing the present Section 2241 petition, Case No. 14-cv-1430, Singleton was warned that under *Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997), and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995), he could face a steep fine and filing ban for vexatious filings (Doc. 8). Undeterred, in connection with his motion for reconsideration, Singleton filed a "Notice of Interest in Oath of Office and Associated Bonding," a "Contractual Notification"/"Opportunity to Cure Default/Contractual Notification," and an "Affidavit of Criminal Liability" (Docs. 15, 16, 17). The motion for reconsideration was denied, and Singleton was ordered to show cause in writing why he should not be sanctioned for filing those patently frivolous and harassing documents (Doc. 19).

Singleton has now opted to "double down" by responding to the order to show cause by filing a "Registration of Claim"—a "contractual notification" that Judge Herndon is obligated as the guarantor of Singleton's claim against the IRS for $350,000,000 (Doc. 20). He also filed a "Notice of Irrevocable Power of Attorney," purportedly by Judge Herndon, giving Singleton full authority to pay Singleton with federal funds, and "ratifying and confirming any and all acts done in [Judge Herndon's] name and public title as principal in U.S. District Court SDIL, Case No. 3:14-cv-01430-DRH…." (Doc. 21). Not only did Singleton file the power of attorney on Judge Herndon's behalf, he affixed Judge Herndon's signature to the document.

Singleton was specifically warned in the order of dismissal (Doc. 8) that under *Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997), and *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995), he could face a fine and filing ban for vexatious filings. In *Alexander*, the Court warned that if the petitioner filed any further frivolous habeas petitions he would be fined $500; the fine would have to be paid before any other civil litigation be allowed to be filed, and any habeas action would be summarily dismissed thirty days after filing unless otherwise ordered by the Court. That is exactly what the Court previously informed Singleton was being considered as a sanction.

Clearly, Singleton intends to continue his harassment and threats. Therefore, as a sanction for filing the "Notice of Interest in Oath of Office and Associated Bonding," "Contractual Notification"/"Opportunity to Cure Default/Contractual Notification," and "Affidavit of Criminal Liability" (Docs. 15, 16, 17), Singleton will be sanctioned with a fine and filing ban. No additional penalties will be imposed in this case relative to Singleton's most recent filings (Docs. 20, 21); those documents have been forwarded to the United States Attorney and United States Marshal.

**IT IS HEREBY ORDERED** that Anthony Singleton is hereby **SANCTIONED** with a **$500** fine, to be paid before any other civil litigation will be filed. This fine is in addition to any other filing fees owed to this district. The Clerk of Court is **DIRECTED** to return all civil pleadings unfiled until the sanction is paid, and all habeas corpus filings will be summarily dismissed thirty days after filing, unless otherwise ordered by the Court. Documents submitted in connection with any appeal are excluded from the sanction.

**IT IS FURTHER ORDERED** that Petitioner's "Registration of Claim" and "Notice of Irrevocable Power of Attorney" (Docs. 20, 21) shall be **STRICKEN** from the record.

**IT IS SO ORDERED.**

**DATED: April 8, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**